**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

# UNITED STATES DISTRICT COURT

Eastern District of Arkansas

JUN 2 0 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| **v.** | ) | |
| | ) | |
| KENNETH LAREN HARVEY | ) | Case Number: 4:18-cr-00006-JM-1 |
| | ) | USM Number: 31809-009 |
| | ) | |
| | ) | Molly Sullivan |
| | ) | Defendant's Attorney |
| | ) | |

## THE DEFENDANT:

☑ pleaded guilty to count(s)  Counts 1, 2, 3, and 4 of Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 2252(a)(4)(B) | Possession of child pornography, a Class C felony | 9/28/2017 | 1 |
| 18 USC § 2252(a)(2) | Distribution of child pornography, a Class C felony | 9/13/2017 | 2-4 |

The defendant is sentenced as provided in pages 2 through ___8___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) ___N/A___ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/20/2019
Date of Imposition of Judgment

Signature of Judge

JAMES M. MOODY, JR., U.S. DISTRICT JUDGE
Name and Title of Judge

6/20/19
Date

DEFENDANT: KENNETH LAREN HARVEY
CASE NUMBER: 4:18-cr-00006-JM-1

# IMPRISONMENT

       The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

180 MONTHS on each count to run concurrently

☑   The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant receive a psychosexual evaluation and participate in sex offender counseling during incarceration.  The Court recommends placement in either FCI Texarkana or FCI Memphis in order to allow him to remain near his family; but not in FCI Forrest City in order to avoid further issues the defendant has encountered while incarcerated.

☑   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐  at   _____  ☐ a.m.  ☐ p.m.  on   _____ .

    ☐  as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on   _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____  to  _____

at   _____ , with a certified copy of this judgment.

                                _____
                                         UNITED STATES MARSHAL

               By  _____
                              DEPUTY UNITED STATES MARSHAL

DEFENDANT:   KENNETH LAREN HARVEY
CASE NUMBER:   4:18-cr-00006-JM-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

   TEN (10) YEARS on each count to run concurrently

# MANDATORY CONDITIONS

1.   You must not commit another federal, state or local crime.
2.   You must not unlawfully possess a controlled substance.
3.   You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
        ☐   The above drug testing condition is suspended, based on the court's determination that you
             pose a low risk of future substance abuse. *(check if applicable)*
4.   ☑   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.   ☑   You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.   ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.   ☐   You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  KENNETH LAREN HARVEY
CASE NUMBER:  4:18-cr-00006-JM-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT:   KENNETH LAREN HARVEY
CASE NUMBER:   4:18-cr-00006-JM-1

## ADDITIONAL SUPERVISED RELEASE TERMS

14)  The defendant must participate under the guidance and supervision of the probation office in a substance abuse treatment program which may include drug and alcohol testing, outpatient counseling, and residential treatment.  The defendant must abstain from the use of alcohol during treatment.  The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

15)  The defendant must participate in a mental health treatment program under the guidance and supervision of the probation office.  The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

16)  The probation office will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as an interview and assessment, photographing, fingerprinting, polygraph testing, and DNA collection.

17)  The defendant must participate in sex offender treatment under the guidance and supervision of the probation office and follow the rules and regulations of that program, including submitting to periodic polygraph testing to aid in the treatment and supervision process.  The defendant will pay for the cost of treatment at the rate of $10 per session, with the total cost not to exceed $40 per month, based on ability to pay as determined by the probation office.  In the event the defendant is financially unable to pay for the cost of treatment, the co-pay requirement will be waived.

18)  The defendant must not view or possess and "visual depiction" (as defined in 18 U.S.C. § 2256) including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256), or any other material that would compromise the defendant's sex offense-specific treatment.

19)  The defendant must not enter adult bookstores, strip clubs, or adult sex-themed entertainment businesses, or any establishments where such material or entertainment is available.

20)  The defendant must not access the Internet except for reasons approved in advance by the probation officer.

21)  The defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) that he uses.

22)  To ensure compliance with the computer monitoring condition, the defendant must allow the probation officer to conduct initial and periodic unannounced searches on any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring.  These searches will be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation.  The defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

23)  The defendant must not participate in online gaming.  The defendant must not utilize or maintain any memberships or accounts of any social networking website or websites that allow minor children membership, a profile, an account, or webpage without approval of the probation office.  This includes websites that explicitly prohibit access or use by sex offenders.

DEFENDANT:  KENNETH LAREN HARVEY
CASE NUMBER:  4:18-cr-00006-JM-1

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

24)  The defendant must submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant must warn other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

25)  The defendant must not have any direct contact with any child he knows or reasonable should know to be under the age of 18, including his own children, without the permission of the probation officer.  If the defendant does have any direct contact with any child he knows or reasonably should know to be under the age of 18, including his own children, without the permission of the probation officer, he must report this contact to the probation officer within 24 hours.  Direct contact includes written communication, in-person communication, or physical contact.  Direct contact does not include incidental contact during ordinary daily activities in public places.

26)  The defendant must not go to, or remain at, any place where he knows children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

27)  The defendant must provide the probation officer with access to any requested financial information (including unexpected financial gains) and authorize the release of any financial information.  The probation office may share financial information with the U.S. Attorney's Office.

28)  The defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless all criminal penalties have been satisfied.

DEFENDANT: KENNETH LAREN HARVEY
CASE NUMBER: 4:18-cr-00006-JM-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ 0.00 | $ 0.00 | $ 2,000.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Tara" |  | $1,000.00 |  |
| "Violet" |  | $1,000.00 |  |

| **TOTALS** | $ 0.00 | $ 2,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement   $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  KENNETH LAREN HARVEY
CASE NUMBER:  4:18-cr-00006-JM-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A   ☑   Lump sum payment of $   2,400.00   due immediately, balance due

       ☐   not later than _____ , or
       ☐   in accordance with   ☐  C,    ☐  D,    ☐  E, or    ☐  F below; or

B   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
       _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
       term of supervision; or

E   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
       imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   ☑   Special instructions regarding the payment of criminal monetary penalties:

       Restitution is due immediately, and any unpaid balance will be payable during incarceration and supervised
       release.  During incarceration, the defendant will pay 50 percent per month of all funds that are available to him.
       During residential reentry placement, payments will be 10 percent of the defendant's gross monthly income.
       Beginning the first month of supervised release, payments will be 10 percent per month of the defendant's monthly
       gross income.  The interest requirement is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

       Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
       and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.